BOLIN, Judge
(dissenting).
As the majority opinion has so aptly stated:
“The only issue tendered on this appeal is purely factual in nature and relates to the validity, vel non, of the purported will. With respect to appeals involving questions which are exclusively factual, it is well established, on the basis of almost innumerable pronouncements, that appellate tribunals will accord great weight to findings of the trial judge which will not be disturbed except in cases of ‘manifest’ error. * * * ”
It is evident from a reading of the opinion that its author made a careful and exhaustive study of the record. From such study, he concluded the trial judge committed manifest error in either ascertaining the facts or applying those facts to the law. My study of the record has not convinced me that such error was committed. I must confess there are some unusual elements in the case, such as the mysterious appearance of the will and the apparent dissimilarities in the standards presented by opposing parties. While these things naturally cause me some concern, I feel they were properly weighed by the trial judge and I cannot find manifest error in his findings.
It seems obvious, that in order to sustain the majority opinion, we must conclude the will was a forgery. If it was a forgery, then all of the parties who identified the standards upon which the will was proved were either directly or indirectly parties to the scheme. From my study of the record, I am not able to arrive at any such conclusion.
I, therefore, respectfully dissent.